# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LANDRIC RUSSELL,**

    **Plaintiff,**

vs.                                                                                                 **Case No. 4:23cv95-AW-MAF**

**FLORIDA DEPARTMENT**
**OF CHILDREN AND FAMILIES,**
**and WAYLON S. LEWIS,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this case on March 7, 2023, by submitting an Employment Discrimination Complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Both pleadings were reviewed and deemed insufficient. Plaintiff was required to file two items - an amended complaint and an amended in forma pauperis motion. ECF No. 5. When Plaintiff failed to comply by the April 10, 2023, deadline, a Report and Recommendation was entered in late April, ECF No. 6, recommending dismissal.

Plaintiff then belatedly filed an amended in forma pauperis motion on May 15, 2023.  ECF No. 7.  Because that motion demonstrated Plaintiff's desire to continue this litigation, the Report and Recommendation, ECF No. 6, was vacated.  ECF No. 8.  However, Plaintiff's amended motion did not correct the deficiencies previously identified and, indeed, Plaintiff failed to provide the clarification required and he omitted even more information in the amended motion, ECF No. 7.  Thus, another Order was entered, ECF No. 8, requiring Plaintiff to file a second amended motion for in forma pauperis status.  Plaintiff's deadline to do so, and to clarify inconsistencies between his two financial affidavits, was **June 22, 2023**.  ECF No. 8.  As of this date, Plaintiff has not responded.  Moreover, Plaintiff still has not filed an amended complaint as previously required.  See ECF No. 5.  Because Plaintiff was informed a recommendation would be entered to dismiss this case if he failed to comply, dismissal is now appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as

courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned and did not respond to a Court Order.  Ddismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2023.

 S/    Martin A. Fitzpatrick       
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:23cv95-AW-MAF

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**